BANNING MICKLOW & BULL LLP
Edward M. Bull III, (SBN 141966)
Eugene A. Brodsky, (SBN 33691)
One Market, Steuart Tower, Suite 1440
San Francisco, California 94105
Telephone: (415) 399-9191
Facsimile: (415) 399-9192

Attorneys for Plaintiff
ROBERT GOLDSWORTHY

COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
Richard C. Wootton (SBN 88390)
Galin G. Luk (SBN 199728)
190 The Embarcadero
San Francisco, California 94105
Telephone No.: (415) 438-4600
Facsimile No.: (415) 438-4601

Attorneys for Defendant
TUTOR-SALIBA/KOCH/TIDEWATER JV

Rex M. Clack, Esq. (SBN 59237)
David E. Russo, Esq. (SBN 112023)
Neil Olson (SBN 120946)
STERLING & CLACK
A Professional Corporation
101 Howard Street, Suite 400
San Francisco, California 94105
Telephone: (415) 543-5300
Facsimile: (415) 543-3335

Attorneys for Defendant
CROSS LINK, INC. dba
WESTAR MARINE SERVICES

//

//

//

//

//

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GOLDSWORTHY, ) | Case No.: C 06-4025MHP |
| ) | |
| Plaintiff, ) | **INITIAL JOINT CASE MANAGEMENT** |
| vs. ) | **STATEMENT; [PROPOSED] ORDER** |
| ) | |
| Tutor-Saliba/Koch/Tidewater JV, Westar ) | Date: November 13, 2006 |
| Marine Services, Cross Link, Inc., and DOES 1- ) | Time: 4:00 p.m. |
| 10, *in personam*, and M/V PROWLER & M/V ) | Courtroom: 15, 18th Floor |
| ROVER, their engines, tackle, apparel, ) | Judge: Hon. Marylin Hall Patel |
| furniture, etc., *in rem*, ) | |
| ) | |
| Defendants. ) | |

The parties to the above-captioned matter submit this Joint Case Management Conference Statement and Proposed Order and request that the Court adopt it as its Case Management Order in this action. The undersigned certify that they are the lead counsel who will try this case and that they have met and conferred for the preparation of this Statement as required by Local Rules of Court.

<u>Description of Events Underlying the Action</u>

Plaintiff's complaint alleges causes of action for *Jones Act* negligence (46 U.S.C. App. § 688), unseaworthiness, maintenance and cure, and negligence under general maritime law for injuries he allegedly sustained while employed as a seaman on a crew boat owned and operated by defendant Westar. Plaintiff alleges, *inter alia*, that he injured his shoulder while attempting to transfer gas cylinders from a Westar vessel to a barge operated by co-defendant Tutor-Saliba/Koch/Tidewater JV, and that he has become disabled from his customary occupation as a result thereof. The defendant WESTAR denies that the plaintiff was injured, and denies that he was injured on the date(s), at the location(s) or in the manner alleged. WESTAR disputes the alleged

nature of the plaintiff's injuries, if any, their alleged severity, duration and effect. WESTAR denies that the plaintiff is unable to return to work and contends that plaintiff has, in fact, returned to maritime employment.

## Identification of Factual Issues in Dispute

1) The nature of the alleged injury causing event.

2) The date and/or location of the injury causing event, if any.

3) The circumstances of the injuries that plaintiff claims he suffered.

4) The cause of the plaintiff's injuries, if any, that plaintiff claims he suffered.

5) The extent, if any, of plaintiff's wage loss claim.

6) The extent, if any, of plaintiff's unpaid medical expenses.

7) The extent, if any, to which the plaintiff contributed to or caused his own injury.

8) The extent and duration, if any, of plaintiff's injury related disability.

9) The parties reserve the right to supplement this list of fact issues as they become known through discovery or investigation.

## Identification Of Legal Issues In Dispute

1) Whether the defendants were negligent.

2) Whether the vessel upon which plaintiff claims he was working or any of its work methods, or crew, were unseaworthy.

3) Whether defendant Westar failed to pay maintenance and/or cure when WESTAR had a duty to do so.

4) Whether the injuries alleged by the plaintiff are or were caused by the events in question.

5) Whether and to what extent the plaintiff was comparatively negligent.

6) Whether any alleged negligence and/or alleged unseaworthiness caused the plaintiff injury.

//

7) The nature and extent of the injuries the plaintiff suffered, if any, as a result of the events set forth in his First Amended Complaint.

8) The nature and extent of plaintiff's general and special damages as recognized pursuant to Federal Maritime Law.

9) The parties reserve the right to supplement this list as further issues become known through discovery and/or investigation.

### Other Factual Issues

The parties are not presently aware of any unresolved issues concerning service of process, jurisdiction or venue.  The plaintiff does not currently anticipate serving any additional defendants.

WESTAR does not now know whether there are additional parties that might be served because WESTAR has not taken the plaintiff's deposition or conducted discovery.  Once discovery is underway, WESTAR will be in a better position to determine whether additional parties might be served.  Until then, WESTAR does not know of any additional parties.

### Parties Which Have Not Been Served And The Reasons

All named defendants have been served and have appeared.

### Relief Sought

Plaintiff seeks special and general damages, attorneys' fees and costs.

WESTAR seeks judgment in its favor.  If plaintiff should receive judgment in his favor, WESTAR seeks an allocation of liability as between all responsible parties, including the plaintiff.

### Initial Disclosures

The parties completed their initial disclosures on November 6, 2006.

### Assignment to Magistrate Judge

The parties do not consent to reassignment to a Magistrate Judge for trial of this matter.

INITIAL JOINT CASE MANAGEMENT STATEMENT                                                  Case No. C 06-4025
AND [PROPOSED] ORDER

## Alternative Dispute Resolution

The parties plan to schedule a private mediation after completion of discovery and prior to the exchange of expert reports.

## Related Cases

There is no related case pending.

## Discovery and Motions

The parties agree to the following discovery and pre-trial plan:

(a.) Discovery Planned:

The parties have not yet commenced discovery. At least the following depositions are anticipated: the plaintiff; the crew boat captain; other knowledgeable deck hands/marine workers; the Tutor-Saliba barge worker(s); persons most knowledgeable regarding the defendants' operational policies and practices and the administration of plaintiff's maintenance and cure; plaintiff's medical providers and both parties' expert witnesses, including the plaintiff's treating physicians. The parties also anticipate serving interrogatories, requests for production of documents, and requests for admissions. Westar also anticipates requesting one or more Independent Medical Examinations as discovery regarding plaintiff's alleged injuries proceeds.

(b.) Discovery Limits:

The parties agree to the following limits:

1. Limits on the number of Depositions under FRCP 30(a)(2)(A), per party;

2. Unlimited Requests for Production;

3. Interrogatories limited to 35 by and between plaintiff and each defendant.

//

//

(c.) Discovery and Pre-Trial Schedule:

The parties jointly propose the following deadlines and dates:

Designation of witnesses to be called in the case in chief -- 7/30/07

a. Percipient Discovery – 60 days before trial;   --- 8/31/07

b. Mutual Disclosure of Experts – 50 days before trial;   --- with CVs and Trial Reports --- 9/7/07

c. Supplemental Disclosure of Experts – 40 days before trial;   --- 9/18/07

d. Close of Expert Discovery – 30 days before trial;   ---- 9/28/07

e. Last Day to Hear Dispositive Motions – 30 days before trial;   --- 10/1/07

f. Joint Pretrial Statement due – 15 days before trial; and   --- 10/16/07

g. Pretrial Conference – 7 days before trial.   --- Tues, 10/30/07 at 2:30 p.m.

<u>Trial Schedule</u>   Tues., 11/6/07 at 8:30 a.m.

The parties anticipate that this action will require 7 to 10 days of testimony. Plaintiff has requested a jury trial. The length of the trial may be reduced by stipulation or other means.

The plaintiff requests that the trial of this action be set in October or November 2007. The defendants request that trial of this action not be set before February, 2008. Counsels' experience has been that many of the percipient witnesses in these types of *Jones Act* cases are at sea from four to six months per year and coordinating their depositions with opposing counsel often takes more time than typically necessary to complete percipient witness depositions.

<u>Certification Of Counsel</u>

Pursuant to Civil L.R. 16-12, each of the undersigned certifies that they have read the brochure entitled "Dispute Resolution Procedures in Northern District of California," discussed the available options provided by the court and private entities and have considered whether this case

might benefit from any of those dispute resolution options.

Dated: November 6, 2006                    By: /s/ Edward M. Bull_____
                                               Edward M. Bull III
                                               Eugene A. Brodsky
                                               Attorneys for Plaintiff Robert
                                               Goldsworthy


Dated: November 6, 2006                    By: /s/ Neil Olson_____
                                               Neil Olson
                                               Rex M. Clack
                                               David E. Russo
                                               Attorneys for Defendants,
                                               CROSS LINK, INC. dba
                                               WESTAR MARINE SERVICES
                                               .

Dated: November 6, 2006                    By: /s/ Richard Wootton_____
                                               Richard Wootton
                                               Galin Luk
                                               Attorneys for Defendant,
                                               TUTOR-SALIBA/KOCH/TIDEWATER
                                               JV

David E. Russo attests that concurrence in the filing of this document has been obtained from each of the other signatories identified herein.

INITIAL JOINT CASE MANAGEMENT STATEMENT                                    Case No. C 06-4025
AND [PROPOSED] ORDER

<u>Case Management Order</u>

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

_____
_____
_____
_____

Dated: ___11/27/06_____                    _____
                                                  The Honorable Marilyn Hall Patel
                                                         U.S. District Judge

810026/P/CMCS.11-06-06

INITIAL JOINT CASE MANAGEMENT STATEMENT                    Case No. C 06-4025
AND [PROPOSED] ORDER