COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
Richard C. Wootton (SBN 88390)
Galin G. Luk (SBN 199728)
190 The Embarcadero
San Francisco, California 94105
Telephone No.: (415) 438-4600
Facsimile No.: (415) 438-4601

Attorneys for Defendant,
TUTOR-SALIBA/KOCH/TIDEWATER JV

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT GOLDSWORTHY, <br><br> Plaintiff, <br><br> vs. <br><br> Tutor-Saliba/Koch/Tidewater JV, Westar Marine Services, Cross Link, Inc., and DOES 1-10, *in personam*, and M/V PROWLER & M/V ROVER, their engines, tackle, apparel, furniture, etc., *in rem*, <br><br> Defendants. | Case No.: C 06-4025 MHP <br><br> **STIPULATION TO CONTINUE MEDIATION AND DISCOVERY DEADLINES; [PROPOSED] ORDER THEREON** |

Plaintiff Robert Goldsworthy, defendant Cross Link, Inc. dba Westar Marine Services ("Westar"), and defendant Tutor-Saliba/Koch/Tidewater, JV ("Tutor"), by and through their respective counsel of record, hereby stipulate to and respectfully request the Court enter an Order to continue mediation and discovery deadlines for good cause.

**I.   BACKGROUND**

This is an admiralty action arising from the Richmond San Rafael Bridge Project ("Project"). The plaintiff is suing his employer Westar and the general contractor Tutor for injuries that he allegedly suffered while attempting to transfer gas cylinders from a Westar crewboat to a

1

Tutor barge. Following the accident, various doctors have treated the plaintiff for shoulder, neck, lower back, gastrointestinal, dermatological and urological injuries.

The plaintiff's Second Amended Complaint (filed on October 3, 2006) alleges causes of action for Jones Act negligence, unseaworthiness and maintenance and cure against Westar and negligence under general maritime law against Tutor. The plaintiff claims he will not be able to work as an officer on ocean going vessels and, as a result, has suffered significant past income loss and will suffer significant future income loss. The co-defendants dispute liability, the extent of the plaintiff's injures and the amount of his past and future income loss.

## II.     REASONS FOR THE REQUEST

Since the initial Case Management Conference held on November 27, 2006, the parties have engaged in substantial discovery. The parties have completed and or noticed the following depositions: 1) the plaintiff; 2) Dr. Ken Akizuki (orthopedist); 3) Dr. Ken Hammerman (gastroenterologist); 4) Dr. Hoyman Hong (pain management specialist); 5) Dr. Chris Payne (urologist); 6) Dr. Curtis Raskin (dermatologist); 7) Ms. Marianne Arild (physical therapist); 8) Tamara Gohre (percipient witness); 9) Captain Dave Houghton (percipient witness); 10) Westar's person most knowledgeable on three topics; and 11) Tutors' person most knowledgeable on 8 topics. In addition, the parties have served and responded to interrogatories and document requests, and have subpoenaed records from third parties, including medical providers (in fact, defendants have reviewed over 2,100 pages of subpoenaed medical records).

Unfortunately, the discovery process, through no fault of the parties, has been protracted (as explained below). The parties will likely not be able to conclude discovery until after the Court's currently mandated "last day" to complete mediation. The parties wish to engage in a meaningful and productive mediation but will be unable to do so unless and until they have completed discovery (or substantially completed the depositions of the doctors who treated the plaintiff).

Despite their diligent efforts, the parties will not be able to complete lay discovery by the current Court ordered cut-off of September 7, 2007 nor engage in a meaningful mediation for the following reasons:

2

STIPULATION TO CONTINUE DISCOVERY Case No. C 06-4025 MHP
DEADLINE AND LAST DAY TO COMPLETE MEDIATION; [PROPOSED] ORDER THEREON

1) The plaintiff was allegedly injured in June 2004 while working on the Project. When the Project was completed approximately 2 years ago, Tutor's employees were laid off and Tutor placed all of its Project files in storage. Because Tutor was not made aware of the plaintiff's injuries until the subject suit was filed in July 2006, Tutor has experienced difficulties in locating and identifying relevant documents and witnesses.

2) This case involves extensive medical issues. There are issues of causation related to the plaintiff's alleged shoulder, neck, lower back and gastrointestinal injuries. Additionally, within the past month, the parties learned that the accident may allegedly be causing the plaintiff to suffer from dermatological and urological injuries. Defendants have reviewed over 2,100 pages of medical records. The parties have or will need to depose plaintiff's primary treating physician, pain management specialist, urologist, dermatologist, gastroenterologist and physical therapists. Further, the defendants contend that they may be entitled to an orthopedic, neurological, gastrointestinal, and urological IME (the parties are currently "meeting and conferring" on IMEs).

3) While the parties have been successful in scheduling almost all of the medical depositions, the parties have had to work around the busy schedules of the deponent doctors. Additionally, some of the doctors required that the depositions be scheduled through their attorneys (even though the doctors are not under threat of litigation). Currently, two of the depositions are noticed to occur after the cut-off of lay discovery, which were the deponent doctor's first available dates for depositions.

4) The parties have also had difficulty scheduling the deposition of third party witnesses who are seaman. The defendants' experience (for this and other maritime cases) has been that it is very difficult locating seaman and scheduling their depositions because their work frequently takes them out to sea and for long periods of time.

5) The parties have had to schedule discovery around the calendar of three attorneys and the plaintiff who has begun work at a new job.

STIPULATION TO CONTINUE DISCOVERY Case No. C 06-4025 MHP
DEADLINE AND LAST DAY TO COMPLETE MEDIATION; [PROPOSED] ORDER THEREON

6) The parties have agreed on the selection of Mr. Jerry Spolter as mediator and on a mediation date of October 9, 2007. The parties anticipate that they will be able to engage in a meaningful mediation after the completion of discovery. If the Court continues the cutoff of lay discovery to October 11, 2007, and continues the last day to complete mediation to October 24, 2007, the parties will be able to complete discovery prior to mediation;

THEREFORE, plaintiff and defendants hereby stipulate to continue the following dates:

1) the last day to **disclose trial witnesses** from **August 24, 2007 to October 5, 2007**;

2) the **percipient discovery cutoff** from **September 7, 2007 to October 11, 2007**;

3) the last day to **disclose experts and reports** from **September 14, 2007 to October 5, 2007 (with the parties disclosing the identities of their respective experts on September 26, 2007)**;

4) the last day to **supplement disclosure of experts** from **September 28, 2007 to October 12, 2007;** and

5) the **expert discovery cutoff** from **October 12, 2007 to October 15, 2007**;

6) the last day to **complete mediation** from **September 14, 2007 to October 24, 2007**.

The dates proposed by the parties do not interfere with the currently scheduled **pre-trial conference** date of **October 30, 2007** and the **trial** date of **November 6, 2007**.

The parties therefore also agree and respectfully suggest that for these reasons, a continuance of the discovery deadlines and the last day to complete mediation, is reasonably necessary and is supported by good cause.

IT IS SO STPULATED:

Dated: 8/21/07

                    STERLING & CLACK
                    Rex M. Clack
                    David E. Russo

By: _____

Rex M. Clack
Attorneys for Defendant,
CROSS LINK, INC. dba
WESTAR MARINE SERVICES

Dated: 8/27/07

                    BANNING MICKLOW & BULL, LLP

By: _____

Edward M. Bull III
Attorneys for Plaintiff
ROBERT GOLDSWORTHY

Dated: 8/27/07

                    COX, WOOTTON, GRIFFIN, HANSEN &
                    POULOS, LLP

By: _____
Galin Luk
Attorneys for Defendant
TUTOR-SALIBA/KOCH/TIDEWATER JV

5

STIPULATION TO CONTINUE DISCOVERY  Case No. C 06-4025 MHP
DEADLINE AND LAST DAY TO COMPLETE MEDIATION; [PROPOSED] ORDER THEREON

# ORDER

Having reviewed and considered the parties' request and stipulation to continue discovery deadlines and the last day to complete mediation, and good cause appearing therefor,

**THE COURT HEREBY ORDERS THE FOLLOWING:**

1) The last day to **disclose trial witnesses** is continued from **August 24, 2007** to **October 5, 2007**;
2) **Percipient discovery cutoff** is continued from **September 7, 2007** to **October 11, 2007**;
3) **Disclosure of experts and reports** is continued from **September 14, 2007** to **October 5, 2007** (with the parties disclosing the identities of their respective experts on September 26, 2007);
4) **Supplemental disclosure of experts** is continued from **September 28, 2007** to **October 12, 2007**;
5) **Expert discovery cutoff** is continued from **October 12, 2007** to **October 15, 2007**;
6) The last day to **complete mediation** is continued from **September 14, 2007** to **October 24, 2007**.

Dated: August 29, 2007



IT IS SO ORDERED
Judge Marilyn H. Patel